IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02019–KMT

MARY L. VALLES,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

---

# ORDER

---

This case comes before the court on review of the Commissioner's denial of Plaintiff-Claimant Mary L. Valles's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act ("the Act"). Jurisdiction is proper under 42 U.S.C. § 405(g).

## FACTUAL AND PROCEDURAL BACKGROUND

Claimant applied for DIB and SSI in October 2011, alleging that she had been disabled by an array of impairments, including back problems, bladder problems, chronic headaches, chronic back pain, high blood pressure, depression, and acid reflux, since June 2010. (*See* Doc. No. 13, Social Security Administrative Record ["AR"] at 150, 152, 201.) The Commissioner denied both applications. (*Id.* at 104, 107.) Following the denials, Claimant requested and received a hearing by an Administrative Law Judge ("ALJ"). (*Id.* at 26–79, 240, 252–54.) After the hearing, the ALJ determined that Claimant was not disabled within the meaning of section

1614(a)(3)(A) of the Act, because Claimant was still capable of performing substantial gainful work in the national economy. (*See id.* at 20–21.) The Appeals Council subsequently denied Claimant's request for review (*id.* at 1), making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a). Claimant timely sought review by the Court.

## STATUTORY AND REGULATORY BACKGROUND

Titles II and XVI of the Act award Social Security benefits to claimants who meet certain eligibility requirements. 42 U.S.C. §§ 423, 1382. To receive either DIB or SSI, a claimant must be disabled. §§ 423, 1382. The Social Security Commissioner has established a five-step sequential process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who works is not disabled, regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe" impairment significantly limits the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or "equals" in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, then the ALJ must determine whether the claimant can still perform any past work despite his or her limitations.

5. If the claimant no longer retains the ability to perform past work, then the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy despite the claimant's limitations.

*See* 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Williams v. Bowen,* 844 F.2d 748, 750–52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). After that, the burden shifts to

the Commissioner to prove that, despite the claimant's impairments, he or she is still capable of performing substantial gainful work in the national economy. *Id.* If at any point the Commissioner conclusively finds that the claimant is or is not disabled during the five-step review process, the analysis ends. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

## STANDARD OF REVIEW

Review of the Commissioner's disability decision by this court is limited to determining whether the ALJ applied the correct legal standard, whether the decision is supported by substantial evidence, and whether the decision comports with the relevant regulations and case law. *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990); *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). An ALJ's failure to apply the correct legal standard constitutes an independent and sufficient basis for the Court to reverse the ALJ's decision. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Likewise, an ALJ's failure to supply the Court with a sufficient basis to determine that the ALJ followed appropriate legal principles is also grounds for reversal. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quoting *Smith v. Heckler*, 707 F.2d 1284 (11th Cir. 1983)).

## ANALYSIS

Claimant's allegations of error fall into two main categories: 1) The ALJ improperly weighed and rejected medical opinions, and 2) the Residual Functional Capacity ("RFC") the ALJ assigned the claimant is not supported by substantial evidence. (*See* Doc. No. 16 [Opening Br.] at 18–20, filed Jan. 13, 2015.)

**1. The ALJ's Treatment of Medical Opinions**

The claimant argues that the ALJ improperly rejected the opinion of Dr. Otten, a consultative examiner hired by the Commissioner, and the opinion of Ms. Castillo, the claimant's treating nurse practitioner. (*See id.* at 18–19.) The claimant also contends that the ALJ did not offer valid reasons for affording more weight to the opinion of a non-examining physician, Dr. Thommen, than to the opinions of certain treating and examining medical personnel, including Ms. Castillo, Dr. Otten, and a medical expert who testified at the hearing, Dr. Smerdjian. (*See id.* at 20.)

The ALJ is entrusted with the difficult task of resolving evidentiary conflicts, weighing medical source opinions, and, ultimately, determining whether claimants are disabled within the meaning of the Act. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971). The ALJ is required to evaluate every medical opinion the ALJ receives. 20 C.F.R. § 416.927(c). Examining source opinions are typically afforded more weight than non-examining sources. *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). *See also* 20 C.F.R. § 404.1527(c)(1). When evaluating a non-controlling medical opinion, the ALJ must consider six factors:

(1) the length of the treatment relationship and the frequency of examination;

(2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;

(3) the degree to which the physician's opinion is supported by relevant evidence;

(4) consistency between the opinion and the record as a whole;

(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and

(6) other factors brought to the ALJ's attention that tend to support or contradict the opinion.

*See* 20 C.F.R. §§ 404.1527(c), 416.927. Then, in the ALJ's written decision, the ALJ must clearly state how much weight the ALJ ultimately assigned the opinion and why. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300–01 (10th Cir. 2003). The ALJ must consider the six factors, but need not discuss each of them. *Id. (*quoting 20 C.F.R. § 404.1527(d)(2)); *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

### a. The ALJ's Rejection of Dr. Otten's Opinion

Among other things, Dr. Otten opined that the claimant can lift twenty pounds occasionally and ten pounds frequently and can stand and walk for two to three hours in an eight-hour day. (AR at 15.) The ALJ afforded "no weight" to this assessment "because it is inconsistent with the clinical findings and objective testing at the examination." (*Id.* at 19). The ALJ explained that the claimant's medical imaging showed only a mild back impairment, that the claimant could "rise spontaneously," and that the claimant did not require an assistive device. (*Id.*) The ALJ then stated that Dr. Otten "appeared to rely on the claimant's subjective and unsubstantiated allegations in forming the functional assessment, rather than the clinical findings and objective imaging." (*Id.*)

Claimant argues that the rejection of Dr. Otten's opinion was an error because it was not based on the whole of Dr. Otten's findings. (*See* Opening Br. at 24–27.) Specifically, the claimant argues the ALJ discussed only those portions of Dr. Otten's findings that were favorable to the ALJ's position and ignored the rest. (*See id.* at 27.) The claimant calls this "picking and choosing" and argues that the ALJ ultimately substituted her lay opinion for that of the medical expert. (*See id.* at 24–30.)

The ALJ summarized Dr. Otten's findings earlier in the written decision. (*See* AR at 15.) There, the ALJ noted that the claimant's medical imaging "revealed minimal multilevel degenerative changes in the lumbar spine, without definite acute bony abnormalities." (*Id.*) The ALJ stated that, in the doctor's presence, the claimant was "pleasant, cooperative, and appeared in no acute distress." (*Id.*) Summarizing the doctor's observations, the ALJ noted that the claimant "appeared to sit comfortably during the examination and without pain-mitigating movements," but "seemed somewhat uncomfortable getting on and off the examination table and when removing her shoes." (*Id.*) The ALJ iterated that the claimant was able to rise "spontaneously and unaided" but with discomfort. (*Id.*) The ALJ noted that her walking "did not appear ataxic" to the doctor, but that she "did exhibit a guarded gait." (*Id.*) Finally, the ALJ restated Dr. Otten's observation that the claimant "was able to stand and walk on her heels and toes" but "had some trouble performing a complete squat." (*Id.*)

The ALJ's analysis of Dr. Otten's opinion is legally sufficient. Though the ALJ did not restate every one of Dr. Otten's findings, the ALJ did adequately summarize Dr. Otten's findings. (*See id.*) Also, the ALJ did not focus on just those findings of Dr. Otten's that were supportive of the ALJ's RFC analysis. The ALJ also mentioned signs of the claimant's discomfort with several basic functions, including getting on and off the table, removing her shoes, and standing up. (*See id.*) Moreover, rather than picking and choosing which parts of Dr. Otten's opinions to credit, as the claimant alleges, the ALJ rejected the whole of Dr. Otten's opinion. (*See id.* at 19 ["The undersigned affords no weight to the consultative examiner's assessment . . . ."].)

Finally, by arguing that the ALJ improperly substituted her lay opinion for the opinion of a medical expert, the claimant seems to be arguing that the ALJ is not empowered to reject the doctor's opinion. To the contrary, the ALJ is not only entitled to make this kind of determination, she is required to do so. Inconsistency with the objective evidence is one of the factors ALJ's must consider when evaluating medical opinions. *See* 20 C.F.R. §§ 404.1527(c), 416.927.

The court therefore rejects the claimant's arguments on this issue.

### b. The ALJ's Rejection of Ms. Castillo's Opinion

The ALJ afforded "no weight" to Ms. Castillo's opinion because she is not an "acceptable medical source" and because her opinion "is inconsistent with the medical evidence of record." (AR at 19.) The ALJ explained that Ms. Castillo is a nurse practitioner whose opinion is not a medical opinion under the Commissioner's rules and regulations. (*Id.*) The ALJ also explained that the claimant's testimony contradicts Ms. Castillo's opinion that the claimant is capable of being on her feet only two to three hours in an eight-hour day. (*Id.*) Finally, the ALJ stated that the claimant's "ability to grocery shop, do the laundry, cook, and complete housework" undermines Ms. Castillo's opinion that the claimant can lift and carry only ten pounds. (*Id.*)

The claimant concedes that Ms. Castillo is not an "acceptable medical source," but argues that the ALJ cannot reject Ms. Castillo's opinion without first weighing it using the same factors that ALJ's must consider when weighing medical opinions or, alternatively, ensuring that the discussion of the evidence permits a reviewer to follow the adjudicator's reasoning. (*See* Opening Br. at 37–43.) The ALJ did state that she assigned Ms. Castillo's opinion "no weight"

and, after concluding that Ms. Castillo was not an acceptable medical source, went on to explain that Ms. Castillo's opinion was contradicted by the claimant's testimony and daily activities. (*See* AR at 19.) By stating that Ms. Castillo's opinion was inconsistent with other evidence, the ALJ demonstrates that she considered and applied the factors the ALJ considers and applies to acceptable medical sources. *See* 20 C.F.R. §§ 404.1527(c), 416.927 (listing as a factor the consistency of the medical opinion with the record as a whole). At a minimum, the ALJ's statements provide this reviewing court enough information to follow her reasoning. The court is therefore satisfied that the ALJ's decision to reject Ms. Castillo's opinion is without error.

### c. The Weight Assigned to The Opinion of Dr. Thommen Compared to the Weight Assigned to the Opinions of Dr. Otten, Ms. Castillo, and Dr. Smerdjian

The ALJ assigned great weight to the opinion of the state agency medical consultant, Dr. Thommen, that the claimant is capable of light work. (AR at 19.) The ALJ had, in an earlier part of the written decision, noted Dr. Thommen's opinion that the claimant "remains capable of lifting or carrying 20 pounds occasionally, lifting or carrying 10 pounds frequently, and stooping, crouching, and crawling for up to 1/3 of the day." (*Id.* at 16.) Explaining the assignment of weight, the ALJ then stated, "the claimant remains capable of performing her activities of daily living unassisted and doing light household work," adding that the claimant still drives and had worked as a home heath aid during the alleged period of disability. (*Id.* at 19.)

The ALJ also assigned great weight to the testimony of Dr. Smerdjian, the medical examiner the ALJ consulted at the hearing, but only "to the extent that it is consistent with the treatment notes of record." (*Id.* at 18–19.) Dr. Smerdjian opined that the claimant "is capable of performing postural activities for 1/3 of the day, unlimited balancing, and kneeling for up to 2/3 of the day because of her back impairment and back pain." (*Id.* at 18.) The doctor also opined

that the claimant is capable of "lifting or carrying 20 pounds occasionally and 10 pounds frequently" but cannot lift anything heavier because of her pain. (*Id.* at 18–19.) The ALJ adopted these limitations. (*See id.* at 19.) The ALJ then rejected Dr. Smerdjian's opinion that the claimant is limited to "standing or walking for 4 hours in an 8-hour day," because the "treatment notes and the claimant's testimony do not support this limitation." (*Id.*) The ALJ explained that Dr. Smerdjian admitted at the hearing that this limitation was based primarily on Dr. Otten's report, a report the ALJ later afforded no weight. (*Id.*) The ALJ also noted that the claimant was still "independent in her activities of daily living." (*Id.*) Finally, the ALJ conceded that the claimant's pain is aggravated by "prolonged sitting and physically demanding household activities," but asserted that "there is no evidence or clinical findings to support a limitation to 4 out of 8 hours for standing or walking." (*Id.*)

The claimant contends that the ALJ does not offer valid reasons for affording more weight to the opinions of a non-examining physician, Dr. Thommen, than to the opinions of examining and treating medical personnel, namely Ms. Castillo, Dr. Otten, and Dr. Smerdjian. (*See* Opening Br. at 49–55.) The court disagrees. First, the ALJ afforded "great weight" to those opinions of Dr. Smerdjian and Dr. Thommen that she adopted. (*See* AR at 18, 19.) It is therefore not accurate to say, as the claimant does, that the ALJ afforded more weight to Dr. Thommen than to Dr. Smerdjian. Second, the court has already reviewed and affirmed the ALJ's reasons for affording Dr. Otten's and Ms. Castillo's opinions no weight.

Third, the ALJ adequately explained why she afforded great weight to both Dr. Smerdjian's and Dr. Thommen's opinions, offering reasons consistent with the factors the ALJ must consider when weighing medical opinions and citing to evidence in the record. *See* 20

C.F.R. §§ 404.1527(c), 416.927 (listing as a factor the consistency of the medical opinion with the record as a whole).  The claimant's assertion that the ALJ cannot use claimant's work history to support Dr. Thommen's light exertion limitation when, at step four of the disability review process, the ALJ concluded that the claimant was incapable of performing that same past work, is without merit.  A claimant's work during an alleged period of disability undermines a claimant's allegations of disability during that time period.  *See Reid v. Chater*, 71 F.3d 372, 374 (10th Cir. 1995).  The ALJ must consider this evidence when constructing the claimant's RFC.  SSR 96-8p, 1996 WL 374184 at *2.[1]  Only after the RFC is constructed does the ALJ determine if the claimant can perform past relevant work.  *See Williams,* 844 F.2d at 750–52; 20 C.F.R. § 404.1520(a)(4)(i)–(v).  Using this process, it is possible for the ALJ to construct an RFC *more* restrictive than the claimant's work history suggests otherwise.  This possibility, however, does not undermine the ALJ's RFC conclusions—it bolsters them.

Fourth, the ALJ gave good reasons for rejecting Dr. Smerdjian's standing and walking limitation.  The ALJ explained that the standing and walking limitation was not supported by the doctor's own evidence and clinical findings and that the claimant remained independent in her daily activities.  (*See* AR at 19.)  These reasons reflect the ALJ's consideration of the factors she must consider when weighing a medical opinion.  *See* 20 C.F.R. §§ 404.1527(c), 416.927 (listing consistency with record as a whole as a factor).

The claimant argues that the claimant's daily activities cannot legally count as substantial evidence because they were "minimal."  (*See* Opening Br. at 54–55.)  The claimant is right that

---

[1] An "SSR" is a Social Security Administration ruling.  These rulings, which are final opinions and orders published under the authority of the Commissioner of Social Security, are binding on "all components of the Social Security Administration."  20 C.F.R. § 402.35(b)(1).

"minimal" daily activities, by themselves, do not establish that a claimant does not suffer from disabling pain or establish that a person is capable of engaging in substantial gainful activity. *Thompson*, 987 F.2d at 1489.  But the claimant's daily activities here are more significant than the kind of "minimal" or "sporadic" activities in the case law cited by the claimant.  In *Thompson*, the claimant visited neighbors, performed only light housework, and testified at her hearing that she basically could not do anything. *Id.*  In *Frey*, the claimant only sporadically performed daily activities.  *Frey v. Bowen*, 816 F.2d 508, 516 (10th Cir. 1987).  In contrast, the claimant in this case cares for her youngest child, takes care of her personal needs, assists with cooking, makes the bed, drives, cleans the laundry, shops for groceries every two weeks for about two hours, and attends church regularly. (*See* AR at 17.)  These activities are more regular and significant than the minimal or sporadic activities at issue in *Thompson* and *Frey*.  Also, the *Thompson* and *Frey* Courts were determining whether minimal or sporadic activities undermined the claimant's *subjective testimony about pain*, not whether someone's daily activities are inconsistent with a particular *functional limitation* recommended by a doctor, which is what is at issue here.  *See Thompson*, 987 F.2d at 1489; *Frey*, 816 F.2d at 516.

      The claimant's performance of daily activities was only one of the ALJ's three reasons for rejecting Dr. Smerdjian's four-hour standing and walking limitation.  The ALJ also stated that the treatment notes and the claimant's testimony did not support the limitation, and that there was no evidence or clinical findings to support the limitation.  (*See* AR at 19.)  The only evidence for such a limitation comes from both of the opinions of Dr. Otten and Ms. Castillo, which the ALJ rejected for the same reason—that there was no evidence to support such a

limitation.  (*See id.  See also* Opening Br. at 44–45 [listing Dr. Otten, Ms. Castillo, and Dr. Smerdjian as the sources for this evidence].)

The court therefore finds that the ALJ offered valid reasons for affording more weight to the opinion of a non-examining physician, Dr. Thommen, than to the opinions of Ms. Castillo, Dr. Otten, and Dr. Smerdjian.

### 2. The Evidentiary Support for the ALJ's RFC Assessment

The claimant argues that the ALJ's RFC assessment is not supported by substantial evidence because the opinion evidence and the claimant's daily activities are indicative of greater restrictions and limitations.  (*See* Opening Br. at 18, 20, 30–36, 43–49.)

Before completing step four of the disability review process, the ALJ must assess claimant's RFC, which is the most the claimant can do in a work setting on a regular and continuing basis despite the limitations imposed by his or her impairments.  SSR 96-8p, 1996 WL 374184 at *1, 3.  When determining the claimant's RFC, the ALJ must consider all the relevant evidence and all of the claimant's medically determinable impairments.  *Id.* at *2.  Then, in the ALJ's written decision, the ALJ must explain how the evidence supports each of his or her conclusions.  *Id.* at *7.  As part of that explanation, the ALJ must "cite specific medical facts and nonmedical evidence and explain how any material inconsistencies or ambiguities in the case record were considered and resolved." *Id*

Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  A finding is supported by substantial evidence if it is supported by "more than a scintilla, but less than a preponderance" of evidence.  *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir.1988) (quoting *Campbell v. Bowen*, 822 F.2d 1518, 1521

(10th Cir.1987)).  Evidence is insubstantial when it is "overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  The Court may not "reweigh the evidence" or "substitute its judgment" for that of the Commissioner."  *Jozefowicz v. Heckler*, 811 F.2d 1352, 1357 (10th Cir. 1987).  So long as there is substantial evidence to support the ALJ's decision, the decision must stand, even if the Court would have reached a different result.  *See Ellison*, 929 F.2d at 536.

Here the ALJ found the claimant had the RFC to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), meaning that the claimant is capable of lifting or carrying twenty pounds occasionally, lifting or carrying ten pounds frequently, standing or walking for six hours in an eight-hour workday, and sitting for six hours in an eight-hour workday."  (AR at 14.) According to the ALJ, the claimant is also capable of "twisting, climbing, stooping, crawling, and crouching for up to 1/3 of the day, unlimited balancing, and kneeing for up to 2/3 of the day."  (*Id.*)  As demonstrated in the ALJ's written decision, the ALJ based this RFC on the limitations recommended by Drs. Thommen and Smerdjian, the claimant's testimony, the objective medical evidence, the claimant's work as a home health aide during the alleged period of disability, and the claimant's daily activities.  (*See id.* at 15–19.)

The claimant first contends that this RFC, including the light work limitation, is not supported by substantial evidence because there is substantial evidence that the claimant should be limited to sedentary work (*see* Opening Br. at 18, 20, 30–36, 43–49), which is one exertion level less than light work (*see* 20 C.F.R. § 404.1567).  The claimant argues that had the ALJ properly accepted Dr. Otten's opinion, Ms. Castillo's opinion, and Dr. Smerdjian's four-hour standing and walking limitation, the ALJ would have reduced the claimant's exertion level to

sedentary, which, in turn, would have required the ALJ to conclude that the claimant was disabled. (*See* Opening Br. at 30–36, 44–46.)

But the court's inquiry on review is whether there is substantial evidence for the conclusion the ALJ made, not the conclusions that she *could have* made or the conclusions that the claimant would *prefer* the ALJ to have made. See *Jozefowicz*, 811 F.2d at 1357. The court is not empowered to reweigh the evidence or substitute its judgment for that of the ALJ. *Id.* Having already upheld the ALJ's rejection of the opinions of Dr. Otten, Ms. Castillo, and Dr. Smerdjian, the court rejects this argument as well.

The claimant also argues that the light exertion limitation in the RFC is unsupported by evidence because the claimant's allegedly minimal daily activities are not substantial evidence under *Thompson*. (*See* Opening Br. at 46–47.) The court has already considered and rejected this argument.

The claimant contends that the ALJ erred by failing to explain how the claimant's daily activities support the RFC assessment's lifting, carrying, standing, and walking requirements. (*See id.* at 47–49.) The ALJ explained that the claimant's daily activities undermined the various medical opinions that the claimant was incapable of walking six hours a workday or incapable of lifting ten pounds frequently and twenty pounds occasionally. (*See* AR at 18–19.) The ALJ also stated that the claimant's daily activities supported Dr. Thommen's opinion that the claimant was capable of light work. (*Id.* at 19.) It is true that the ALJ did not go into detail about how, precisely, each daily activity undermined or supported a lifting, carrying, standing, or walking requirement, but that is not what the law requires. The ALJ need only describe how the evidence supports each conclusion in her RFC assessment and cite to specific evidence (e.g., daily

activities) as the basis for those conclusions, which she did.  *See* SSR 96-8p, 1996 WL 374184, at *7.

Additionally, the ALJ's RFC assessment is based on more than just the claimant's daily activities.  Based upon the written decision, the claimant's medium level work as a home health aide during the alleged period of disability, the claimant's medical imaging, and the claimant's own testimony also served as a basis for the ALJ's RFC assessment.  (*See* AR at 15–19.)  The claimant does not contest the ALJ's use of the claimant's own testimony.  (*See generally* Opening Brief.)  The claimant does argue that the claimant's medical imaging contradicts the ALJ's RFC assessment, but offers as support nothing more than a summary of the imaging that is not actually inconsistent with the ALJ's assessment.  (*See id.* at 45.)  The court has already addressed and upheld the ALJ's use of the claimant's work during the alleged period of disability as evidence tending to contradict the claimant's stated limitations.

The court therefore finds that the ALJ's RFC is based upon substantial evidence.

## CONCLUSION

Having considered and rejected each of Claimant's assignments of error, it is

**ORDERED** that the Commissioner's decision through the Administrative Law Judge is **AFFIRMED.**

**ORDERED** that Defendant is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated this 23rd Day of September, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge